**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOHAMADOU LAMINE GAKOU,<br><br>Petitioner,<br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-CV-01412<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is Petitioner Mohamadou Lamine Gakou's ("Gakou") motion to reopen his habeas proceeding and request for immediate release (Doc. 14), motion to strike document filed in his underlying immigration proceeding (Doc. 13), motion to expedite consideration (Doc. 19), and motion for a temporary restraining order or preliminary injunction. (Doc. 20). For the following reasons, Gakou's motion to reopen and request for immediate release (Doc. 14) will be **GRANTED**, and Gakou's motion to strike (Doc. 13), motion to expedite consideration (Doc. 19), and motion for a temporary restraining order (Doc. 20) will be **DENIED as moot**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gakou is a citizen of Senegal, who entered the United States on or about May 13, 2023. (Doc. 14-8, at 3). On June 17, 2025, Immigration and Customs Enforcement ("ICE") arrested Gakou at his scheduled check-in appointment at the Philadelphia ICE Enforcement and Removal Operations office, charging him as inadmissible pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (Doc. 14-8, at 4). On October 24, 2025, an immigration judge issued an order removing Gakou to Senegal. (Doc. 14-8, at 4). Gakou

appealed the removal order to the Board of Immigration Appeals ("BIA"), and his appeal remains pending. (Doc. 14-8, at 4).

On November 26, 2025, Gakou filed a petition for writ of habeas corpus challenging his mandatory immigration detention, which the Honorable Julia K. Munley granted on April 27, 2026. (Doc. 6, at 1); *Gakou v. Warden*, No. 3:25-cv-2267, 2026 WL 1135979, at *4 (M.D. Pa. April 27, 2026). Judge Munley ordered Respondent Craig A. Lowe ("Lowe") to provide Gakou with a bond hearing before an immigration judge by May 11, 2026. (Doc. 6, at 1); *Gakou*, 2026 WL 1135979, at *4. The Department of Homeland Security ("DHS") provided Gakou with a bond hearing before an immigration judge on May 11, 2026; however, on that day, Gakou had a final order of removal in place because the BIA dismissed Gakou's appeal of his order of removal. (Doc. 6, at 1). Therefore, the immigration judge denied Lamine's bond request because, at the time of the hearing, Lamine was subject to mandatory detention under 8 U.S.C. § 1231. (Doc. 6, at 1).

On May 11, 2026, Gakou filed a petition for review of a final order of removal ("PFR") with the Third Circuit. (Doc. 6, at 2). On May 13, 2026, the Third Circuit stayed Gakou's removal order. (Doc. 6-5). On May 21, 2026, Gakou filed a petition for writ of habeas corpus seeking a bond determination or release from custody. (Doc. 1). On June 14, 2026, Lowe provided a notice to the Court that Gakou was scheduled to have bond hearing before an immigration judge on June 15, 2026. (Doc. 9). On June 15, 2026, the Court denied Gakou's habeas petition as moot because the government already scheduled Gakou for a bond hearing before an immigration judge. (Doc. 12, at 2-3). The Court also provided that Gakou could move to reopen his habeas action if his bond hearing was not conducted pursuant to § 1226(a). (Doc. 12, at 3). Gakou then filed a supplemental motion asking the Court to strike a document

filed in his underlying immigration proceeding. (Doc. 13). On June 15, 2026, Immigration Judge Cory Combs ("IJ Combs") denied Gakou's request for bond. (Doc. 14, at 2).

On June 24, 2026, Gakou filed the instant motion to reopen his habeas action, seeking release from custody or a new bond hearing. (Doc. 14). On July 10, 2026, the government responded to Gakou's motion to reopen. (Doc. 17). On July 17, 2026, Gakou filed a traverse. (Doc. 18). On September 10, 2026, Gakou filed a motion to expedite consideration of his motion to reopen. On October 8, 2026, Gakou filed a motion for temporary restraining order or preliminary injunction, seeking the same relief requested in the motion to reopen his habeas action. (Doc. 20). Accordingly, Gakou's motion to reopen is ripe and ready for disposition.

## II. LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court

determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Zheng v. Rokosky*, 826 F. Supp. 3d 545, 532-63 (D.N.J. 2026) (finding immediate release from custody to be the proper relief for a noncitizen petitioner whose due process rights had been twice violated by the government first detaining him without a bond hearing and then depriving him of a constitutionally adequate bond hearing).

## III. JURISDICTION

Preliminarily, the government contends that the Court lacks jurisdiction to consider Gakou's motion to reopen. (Doc. 17, at 4). The government avers that 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the immigration court's bond determination. (Doc. 17, at 4). The government also avers that the Court lacks jurisdiction because Gakou has not exhausted his administrative remedies by seeking review of the immigration court's bond determination with the BIA. (Doc. 17, at 4).

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). However, the Immigration and Nationality Act ("INA") strips federal courts of the ability to "set aside any action or decision by the Attorney General under [§ 1226] regarding the

detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Section 1226(e) precludes petitioners from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2006).

Nevertheless, the INA's jurisdiction-stripping provision does not divest the Court of its ability to hear challenges to the constitutional adequacy of bond hearings conducted in immigration court. *Quinteros v. Warden Pike County Correctional Facility*; 784 F. App'x 75, 77 (3d Cir. 2019); *Ghanem v. Warden Essex Cnty. Correctional Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 555 (D.N.J. 2026). "[T]he Third Circuit has explicitly held that '[n]othing in 8 U.S.C. § 1226(e) prevents [courts] from deciding whether the immigration officials had statutory authority to impose mandatory detention' and that 'Section 1226(e) does not limit habeas jurisdiction over constitutional claims or questions of law.'" *Mujica-Marquez v. Hoover*, No. 4:26-CV-00623, 2026 WL 1483740, at *2 (M.D. Pa. May 17, 2026) (citing *Sylvian v. Att'y Gen. of United States*, 714 F.3d 150, 155 (3d Cir. 2013); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). While district courts are barred from reviewing any discretionary determinations underlying an immigration judge's bond decision, district courts may review whether a bond hearing was "fundamentally unfair" such that it violated the detainee's due process rights. *Quinteros*, 784 F. App'x at 77; *Ghanem*, 2022 WL 574624, at *2; *Zheng*, 826 F. Supp. 3d at 555; *A.S.G. v. Oddo*, 3:26-CV-01043, 2026 WL 3117712, at *2 (W.D. Pa. Oct. 13, 2026).

Furthermore, "it is well established that a 'court has the inherent power to enforce its own orders.'" *Mujica-Marquez*, 2026 WL 1483740, at *2 (citing *E.O.H.C. v. Sec'y of United States Dep't of Homeland Sec.*, 950 F.3d 177, 194 (3d Cir. 2020)). District courts have continuing

jurisdiction to address noncompliance with conditional writs of habeas corpus. *Mujica-Marquez*, 2026 WL 1483740, at *2 (citing *Gibbs v. Frank*, 500 F.3d 202, 205; *Phifer v. Warden*, 53 F.3d 859, 865 (7th Cir. 1995)); *see Shonhai v. Lowe*, No. 3:24-229, 2026 WL 538865, at *8 (M.D. Pa. Feb. 26, 2026) (collecting cases) (noting that several courts in the Third Circuit have determined that § 1226(e) does not preclude a district court from continuing to exercise habeas jurisdiction to ensure respondents complied with its habeas writ). Courts in the Third Circuit have exercised jurisdiction to determine whether the government provided noncitizen detainees with the habeas relief the courts found appropriate, constitutionally adequate and fundamentally fair bond hearings. *Mujica-Marquez*, 2026 WL 1483740, at *2; *Fabricio-Valdez v. Lowe*, No. 4:26-CV-01430, 2026 WL 2966191, at *2 (M.D. Pa. Oct. 2, 2026); *Tursunov v. Butler*, No. 4:26-CV-00826, 2026 WL 2655077, at *2 (M.D. Pa. Sept. 9, 2026); *Coffie-Joseph v. Oddo*, No. 24-cv-114, 2025 WL 2596940, at *1 (W.D. Pa. Sept. 8, 2025); *K.A. v. Green*, No. 18-cv-3436, 2018 WL 4676049, at *2 (D.N.J. Sept. 28, 2018); *but see White v. Lowe*, No. 1:23-CV-1045, 2025 WL 3187511 (M.D. Pa. Nov. 14, 2025) (concluding that the Court lacked jurisdiction to consider an immigration detainee's motion to enforce its prior order granting his habeas petition and directing that he receive an individualized bond hearing before an immigration judge).

While there is a mechanism for noncitizen detainees to appeal bond decisions to the BIA, 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement. 8 CFR 1003.1(b)(7); *Shonai*, 2026 WL 538865, at *10. Administrative exhaustion may be excused "if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. United States Marshals*,

840 F.2d 202, 205 (3d Cir. 1988) (citing *Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128, 1138 (3d Cir. 1979)); *Aguilar Estrada v. ICE/ERO Williamsport Sub Off.*, No. 25-CV-429, 2025 WL 3443229, at *1 (M.D. Pa. Dec. 1, 2025) (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) ("Exhaustion is not required, however, if there is no opportunity to obtain adequate redress . . ."). Therefore, detainees who clearly show that their Fifth Amendment due process rights have been violated with constitutionally inadequate bond hearings need not further their injury with an appeal to the BIA, which would only extend the period of unreasonable detention.[1] *See Shonai*, 2026 WL 538865, at *10, *11; *see Santos v. Lowe*, No. 1:18-CV-1553, 2020 WL 4530728, at *2 (M.D. Pa. Aug. 6, 2020).

On April 27, 2026, Judge Munley ordered the government to provide Gakou with a "fair and impartial bond hearing before an Immigration Judge," and on June 15, 2026, the Court ordered that Gakou may move to reopen his habeas action if his bond hearing was not conducted pursuant to 8 U.S.C. § 1226(a). (Doc. 6, at 1; Doc. 12, at 3); *Gakou v. Warden*, No. 3:25-cv-2267, 2026 WL 1135979, at *4 (M.D. Pa. April 27, 2026). In his motion to reopen, Gakou made a showing that his June 15, 2026 bond hearing was not sufficiently individualized to comply with the Due Process Clause of the Fifth Amendment. (Doc. 14, at 2). Therefore, the Court has authority to review Gakou's June 15, 2026 bond hearing to determine whether it was conducted in a manner that was constitutionally adequate, fundamentally fair, and in compliance with the Court's previous orders granting Gakou habeas relief. *See Quinteros*, 784 F. App'x at 77; *see Ghanem*, 2022 WL 574624, at *2; *see Zheng*,

[1] Requiring administrative exhaustion would also be futile because "it is not at all clear that the BIA could evaluate the legality of the IJ's bond determination in relation to [the district court's order]—the BIA has, for example, consistently refused to reach and decide constitutional questions." *Shonai*, 2026 WL 538865, at *10 (quoting *Y.S.G. v. Andres*, No. 25-CV-1884, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025)).

826 F. Supp. 3d at 555; *see A.S.G.*, 2026 WL 3117712, at *2; *see Mujica-Marquez*, 2026 WL 1483740, at *2. The Court waives administrative exhaustion because exhaustion would be futile and, for the reasons discussed *infra* Section IV., the June 15, 2026 bond hearing violated Gakou's due process rights. *See Mujica-Marquez*, 2026 WL 1483740, at *3; *see Shonai*, 2026 WL 538865, at *10.

## IV. DISCUSSION

The Court must determine whether Gakou's June 15, 2026 bond hearing, was constitutionally adequate and, thus, whether it did or did not violate Gakou's Fifth Amendment due process rights. Gakou contends that his June 15, 2026 bond hearing was not a meaningful individualized custody determination because witnesses were not permitted to testify on behalf of Gakou during the hearing and IJ Combs' denial of release was based primarily on Gakou's manner of entry into the United States. (Doc. 14, at 1-2). The government counters that Gakou's June 15, 2026 bond hearing was individualized and fundamentally fair because IJ Combs made the decision to deny bond after evaluating the evidence and considering the arguments he heard. (Doc. 17, at 8, 10-11). The government submits that Gakou never requested to have witnesses testify during his bond hearing, despite IJ Combs giving Gakou an opportunity to provide any other facts or information to show the court that he is not a flight risk. (Doc. 17, at 11). In his reply brief, Gakou reasserts that there were witnesses present and prepared to testify on his behalf at the hearing. (Doc. 18, at 6). Gakou also requests that the Court decline to rely solely upon the unverified transcript of the hearing provided by the government. (Doc. 18, at 7).

"Throughout all phases of deportation proceedings, petitioners must be afforded due process of law." *Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 213 (3d Cir. 2017); *Sall v. Sage*,

No. 3:26-CV-2930, 2026 WL 3259319, at *9 (M.D. Pa. Oct. 29, 2026). The Due Process Clause requires that individuals have "an opportunity to be heard at a meaningful time and in a meaningful manner." *Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 213 (3d Cir. 2017); *Mujica-Marquez*, 2026 WL 1483740, at *3. To determine whether a bond hearing conducted in immigration court was fundamentally fair and comported with due process, courts consider whether the detainee (1) was entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) was allowed to make arguments of his or her own behalf; and (3) received an individualized determination of his or her interests. *Zheng*, 826 F. Supp. 3d at 555; *Ghanem*, 2022 WL 574624, at *2.

A bond hearing is individualized if it is "not so arbitrary that it would offend fundamental tenets of due process[,] . . . if there is a discernible rational basis for the underlying administrative decision, and the immigration judge applies the correct legal standards." *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 395711, at *2 (E.D. Pa. Feb. 12, 2026); *Zheng*, 826 F. Supp. 3d at 555; *see A.S.G.*, 2026 WL 3117712, at *2. An individualized bond determination may not rely on those "mechanistic factors" which are common to most, if not all, § 1226(a) detainees. *Francisco v. Dept. of Homeland Sec.*, No. 4:26-CV-01254, 2026 WL 2569007, at *4 (M.D. Pa. Aug. 31, 2026) (quoting *Santos*, 2020 WL 4530728, at *3). For example, an immigration judge's denial of bond based on a noncitizen entering the country unlawfully is not sufficiently individualized and offends the fundamental tenets of due process. *Mujica-Marquez*, 2026 WL 1483740, at *4.

In reviewing an immigration judge's bond determination, district courts are not permitted to "re-weigh evidence or determine credibility; that is committed to the discretion of the [immigration judge]." *Zheng*, 826 F. Supp. 3d at 555. Nevertheless, "[d]etermining

whether a bond [hearing] was fundamentally fair is necessarily a fact-intensive inquiry." *Sall*, 2026 WL 3259319, at *9. To determine whether a bond hearing comports with due process, courts must examine whether the immigration judge considered the evidence and arguments the parties presented or acted as a "mere rubber-stamp" in their denial of bond. *Zheng*, 826 F. Supp. 3d at 555-56 (citing *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001)); *Sall*, 2026 WL 3259319, at *9-*10.

The government did not provide Gakou with an individualized bond hearing as ordered by the Court. Based on the unverified transcript of the June 15, 2026 bond hearing, IJ Combs failed to inform Gakou that the burden was on Gakou to demonstrate that he would not be a flight risk if released from custody. IJ Combs explained to Gakou that the purpose of the hearing was to decide whether Gakou would be a flight risk if the government released him from custody. (Doc. 17-2, at 3). However, instead of informing Gakou that in a § 1226(a) bond hearing, the burden of proof fell on Gakou, IJ Combs told Gakou, "I'm going to ask you some questions, sir, and then at the end I'll let you add anything else that you would like to add." (Doc. 17-2, at 2). At the end of the hearing, Gakou asked IJ Combs to clarify what he should add to the record, and IJ Combs provided "anything else that you would like to add that would, um, help show the court that you are not likely to run away, if you are released, um, any ties to the United States." (Doc. 17-2, at 5). Despite failing to notify Gakou that Gakou had the burden of proof in the bond hearing, IJ Combs denied Gakou's bond request because "Respondent has failed to meet his burden of establishing that he is not a flight risk." (Doc. 17-3, at 1).

Gakou was also deprived of a meaningful opportunity to present arguments on his behalf. Gakou submits unsworn declarations from himself and five individuals to the Court

which state that five witnesses attended Gakou's June 15, 2026 bond hearing and were prepared to testify to Gakou's substantial community support. (Doc. 14-2; Doc. 14-3; Doc. 14-4; Doc. 14-5; Doc. 14-6; Doc. 14-7). The declarations provide that none of the five prepared witnesses were permitted to testify during the bond hearing. (Doc. 14-2; Doc. 14-3; Doc. 14-4; Doc. 14-5; Doc. 14-6; Doc. 14-7). The unverified transcript of the proceeding confirms that no witness testimony was heard by IJ Combs at the bond hearing. (Doc. 17-2). Allowing the witnesses to testify would have provided a meaningful opportunity for Gakou to present evidence as to his lack of dangerousness and lack of flight risk. *See Sall*, 2026 WL 3259319, at *11. "Because that testimony could have affected the outcome," the witnesses' inability to testify deprived Gakou of a meaningful opportunity to present his case. *Sall*, 2026 WL 3259319, at *11 (quoting *Barreto v. Dept. of Corr.*, No. 3:26-CV-00235, 2026 WL 3090232, at *5 (D. Alaska Oct. 15, 2026)).

IJ Combs also failed to weigh individualized factors when evaluating Gakou's bond eligibility. Based on the unverified transcript of the hearing, IJ Combs considered the denial of Gakou's asylum application and Gakou's appeal of the decision, Gakou's entrance into the United States without inspection in 2020, Gakou's family connections and residence in Philadelphia, Gakou's employment status and history, and Gakou's assertion that he has a place to stay with family if released from custody. (Doc. 17-2, at 3-4). Weighing all these factors in the totally of circumstances, IJ Combs denied Gakou's bond request. (Doc. 17-2, at 6). The only factors that IJ Combs considered that weighed against release from custody are that Gakou entered the United States without inspection six years ago and that Gakou's immigration proceedings are on appeal. (Doc. 17-2, at 3-4). These negative factors are generic

and applicable to nearly every noncitizen detained under § 1226(a). *Mujica-Marquez*, 2026 WL 1483740, at *4; *Fabricio-Valdez*, 2026 WL 2966191, at *5; *Sall*, 2026 WL 3259319, at *13.

The government failed to provide Gakou with a fundamentally fair, individualized bond hearing because IJ Combs did not provide which party had the burden of proof, deprived Gakou of the opportunity to meaningfully present arguments through witness testimony, and relied on mechanistic factors common to most, if not all, § 1226(a) detainees. *See Zheng*, 826 F. Supp. 3d at 555; *see Ghanem*, 2022 WL 574624, at *2; *see Mujica-Marquez*, 2026 WL 1483740, at *4. As such, Gakou's inadequate bond hearing violated both the Court's prior orders for habeas relief and the Due Process Clause of the Fifth Amendment. *See Zheng*, 826 F. Supp. 3d at 555; *See Sall*, 2026 WL 3259319, at *9; *see Mujica-Marquez*, 2026 WL 1483740. The government has now twice violated Gakou's due process rights: first when it unlawfully detained Gakou under 8 U.S.C. § 1225(b), and again when it deprived Gakou of a constitutionally adequate bond hearing. *See Zheng*, 826 F. Supp. 3d at 560-64, *see Mujica-Marquez*, 2026 WL 1483740, at *5. Therefore, the appropriate remedy in this matter is to direct the government to release Gakou from custody. *See Zheng*, 826 F. Supp. 3d at 560-64, *see Mujica-Marquez*, 2026 WL 1483740, at *5.

## V. CONCLUSION

For the foregoing reasons, Gakou's motion to reopen habeas proceedings and request for immediate release (Doc. 14) is **GRANTED**. Gakou's motion to strike document filed in his underlying immigration proceeding (Doc. 13), motion to expedite consideration (Doc. 19), and motion for temporary restraining order (Doc. 20) are **DENIED as moot**. Lowe is **ORDERED** to release Gakou from custody. The Clerk of Court is directed to close this matter.

An appropriate order follows.

**Dated: November 12, 2026**

**BY THE COURT:**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**